UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:18CR150-PPS |
| ) | |
| DONALD ROBINSON, ) | TO BE FILED UNDER SEAL |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Donald Robinson is in custody at the Porter County Jail pending his sentencing, which is set for August 21, 2020. Now before me is his motion seeking pre-sentencing release. [DE 119.] The matter was first raised in a pro se letter from Robinson. [DE 116.] Because Robinson is represented by counsel, I referred the matter to Robinson's attorney, who filed the pending motion. The government filed a brief opposing the motion. [DE 124.] I held a video hearing on June 1, 2020, in which Robinson participated and the government offered testimony from Captain Ryan Taylor of the Porter County Jail.

Having entered a plea of guilty to a drug offense carrying a maximum prison term of 10 years or more, Robinson is subject to a rebuttable presumption in favor of detention as he awaits sentencing, pursuant to 18 U.S.C. §3143(a)(2). In view of the presumption, Robinson recognizes that his motion invokes the standard of §3145(c), which provides that a defendant like Robinson, otherwise subject to detention under §3143(a)(2), who can show by clear and convincing evidence that he is not likely to flee

or pose a danger, can be released under appropriate conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." [DE 120 at 2.] Robinson does not meet these requirements.

Robinson's primarily addresses his burden to demonstrate by clear and convincing evidence that he is unlikely to flee or pose a danger to the community if released by testifying that he is a changed man. Robinson has not proposed conditions of release that satisfactorily address those risks. Instead, he testified that approximately three months before turning himself in, he turned over a new leaf, and stopped both using and selling drugs. Such a drastic and positive change is of course commendable, and if continued will no doubt be of lasting benefit to Robinson and his family. Otherwise, his record does not favor the findings necessary for his release at this time. The pretrial services report issued at the time Robinson initially stipulated to detention noted Robinson's multiple failures to appear in separate criminal proceedings, his 2017 conviction for resisting law enforcement, and that in 2017 he was also charged with escape and failure to return to lawful detention. [DE 42 at 3-4.] This history does not support the showing required of Robinson as to his risk of flight. Robinson's admitted use of synthetic marijuana daily and heroin weekly prior to his arrest [DE 93 at ¶¶78, 80] are further risk factors for non-appearance.

As to the danger Robinson poses to the community, the pretrial services report identified risk factors including prior arrests, substance abuse history, violent behavior history, criminal activity while under supervision, criminal association and a pattern of

similar criminal activity.  [DE 42 at 4-5.]  Robinson's motion does not address these factors or propose particular conditions of release to neutralize their impact on his potential danger to the community.  Although I certainly hope that it is entirely true, Robinson's attestation that he has changed his ways does not meet his burden of clear and convincing evidence that he is not likely to pose a danger to any person or the community.

More significant than the flight and danger factors, however, is the fact that Robinson has not demonstrated exceptional reasons that his continued detention is inappropriate. Obviously, the COVID-19 pandemic is itself an exceptional circumstance. But just as obviously, the pandemic cannot justify the wholesale emptying of all jails and prisons.  Reasons adequate to support Robinson's release must pertain specifically to Robinson himself and the circumstances of his present confinement.

Robinson's motion asserts that he is in a high risk category for contracting COVID-19, because he "suffers from coronary artery disease, hypertension, and hyperlipidemia."  [DE 119 at 1.]  Neither his pretrial services report nor the presentencing investigation report disclose a history of any of these conditions.  The claim appears to be based on medical records from Porter County Jail, which indicate that there Robinson was diagnosed with high blood pressure, for which he has been prescribed Lisinopril.  The only reference to the other two conditions is the checked box on the jail's medical forms labeled "CAD/HTN/Hyperlipid," lumping the three into a single category, for which Robinson appears to qualify only due to his recent diagnosis

3

with hypertension. [DE 12-1 at 6.] Although Robinson testified that his blood pressure continues to fluctuate and sometimes too high, the medical data reflects the effectiveness of the prescription in controlling Robinson's blood pressure. [DE 124-1 at 10.] Robinson's initial claims about his dire health conditions have not been fully supported, and the controlled hypertension that is supported does not provide a substantial basis for a finding of extraordinary circumstances.

Next I consider the COVID-19 landscape at the jail. Captain Ryan Taylor of the Porter County Jail staff testified that at the present time, there is only one inmate who previously tested positive still being monitored in isolation at the jail, and that there are no positive cases of COVID-19 in the general population. An inmate who was transferred into Robinson's pod two weeks ago previously had the virus, but has recovered and was symptom-free for two weeks before the medical team deemed him eligible for reassignment into the general population. There have been no new diagnoses of COVID-19 in the jail since May 13, 2020, when counsel filed the present motion on Robinson's behalf.

Taylor described the jail's protocol for careful and gradual integration of new inmates, involving 14 days of medical monitoring prior to full entry into the jail population. Robinson testified that the jail does not enforce the requirement that inmates wear masks, and that COVID-19 precautions consist of spraying sanitizer around the living quarters twice each day. The numbers speak for themselves however, indicating the jail's overall success in managing the occurrence of COVID-19 and

monitoring for its transmission among the inmates, so as to defeat the required showing of extraordinary circumstances requires for Robinson's release.

For all these reasons, while I am sympathetic to those who are experiencing hardship due to being incarcerated during this COVID pandemic, I conclude that Robinson has not demonstrated a basis for his release, either temporarily or until the sentencing occurs. The facts do not establish exceptional reasons for him to be released from the Porter County Jail to reside with his mother. I recognize that the COVID-19 pandemic presents fluid circumstances. Conditions in any given location change rapidly; there are new developments that occur on nearly a daily basis. Therefore, it should go without saying that this order, like all orders, is subject to reconsideration should there be a substantive change in the facts. But for now, based on the information presently before me, Robinson must remain detained.

ACCORDINGLY:

Defendant Donald Robinson's Motion for Presentencing Release [DE 119] is DENIED.

SO ORDERED.

ENTERED: June 2, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT